IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


UNITED STATES OF AMERICA


      vs.                          CASE NO. 3:99CR00344-017(PG)

JEYSON MANUEL BADILLO-LOPEZ
A.K.A. "JOSE BADILLO-LOPEZ"
* * * * * * * * * * * * * *


MOTION FOR AN ORDER TO SHOW CAUSE HEARING AND
REQUEST FOR THE ISSUANCE OF A WARRANT


TO THE HONORABLE JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE
DISTRICT OF PUERTO RICO

      COMES NOW, **Martín De Santiago**, SENIOR U.S. PROBATION OFFICER **of this Court**, presenting an official report on the conduct and attitude of releasee, Jeyson Manuel Badillo-López, who on May 9, 2001, was sentenced to forty-six (46) months of imprisonment and five (5) years supervised release with special conditions of drug testing, and substance abuse treatment, if warranted, as well as a search and seizure, financial disclosure, and filing his tax returns. A special monetary assessment in the amount of $100 was also imposed. On May 16, 2003, he was released from federal custody, but he did not make himself available for supervision until October 8, 2004, when his five-year supervised release term began.

      **RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

      Since his release from custody, the offender has violated the following supervision conditions:

**1. MANDATED CONDITION NO. 1. – "THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICE IN THE DISTRICT TO WHICH THE DEFENDANT IS RELEASED WITHIN 72 HOURS OF RELEASE FROM CUSTODY OF THE BUREAU OF PRISONS."**

Mr. Badillo-López was released from federal custody on May 16, 2003, and he did not report to our office within the 72 hours.  On October 6, 2004, while conducting field work, we learned that the offender was residing at the Barbosa Project.  Subsequently, an appointment slip was left for his first office appointment for October 8, 2004.

**2. CONDITION NO. 2 – "YOU SHALL REPORT TO THE PROBATION OFFICER AND SHALL SUBMIT A TRUTHFUL AND COMPLETE WRITTEN REPORT WITHIN THE FIRST FIVE DAYS OF EACH MONTH."**

The offender has not submitted his monthly supervision reports in a timely manner.

**3.  CONDITION NO. 3 – "YOU SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER."**

Mr. Badillo-López has failed to follow our instructions by frequenting places where controlled substances are illegally sold, used, distributed, or administered, and remaining drug-free.  In addition, he failed to report, as instructed, for a drug test on May 4, 2005.  More so, on March 21, 2006, the offender was instructed to meet me with his employer on the following day at a pre-arranged establishment, and he failed to show up.

**4. CONDITION NO. 5 - "YOU SHALL WORK REGULARLY AT A LAWFUL OCCUPATION, UNLESS EXCUSED BY THE PROBATION OFFICER FOR SCHOOLING, TRAINING, OR OTHER ACCEPTABLE REASONS."**

The offender has not worked regularly at a lawful occupation for the past year.

**5. CONDITION NO. 7 - "YOU SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL AND SHALL NOT PURCHASE, POSSESS, USE, DISTRIBUTE, OR ADMINISTER ANY CONTROLLED SUBSTANCE OR ANY PARAPHERNALIA RELATED TO ANY CONTROLLED SUBSTANCES, EXCEPT AS PRESCRIBED BY A PHYSICIAN."**

Mr. Badillo-López tested positive to marijuana and heroin on his first office contact, that being October 8, 2004. Subsequently, he was placed in an intensive drug testing program. On August 26, 2005, he tested to a presumptive positive of cocaine and heroin, but the lab results were unable to confirm same due that the drug test was watered down. Most recently, the offender tested positive to heroin on July 8, 2006.

**6. CONDITION NO. 8 - "THE DEFENDANT SHALL NOT FREQUENT PLACES WHERE CONTROLLED SUBSTANCES ARE ILLEGALLY SOLD, USED, DISTRIBUTED, OR ADMINISTERED."**

**7. CONDITION NO. 9 - "THE DEFENDANT SHALL NOT ASSOCIATE WITH ANY PERSONS ENGAGED IN CRIMINAL ACTIVITY AND SHALL NOT ASSOCIATE WITH ANY PERSON CONVICTED OF A FELONY, UNLESS GRANTED PERMISSION TO DO SO BY THE PROBATION OFFICER."**

The offender was observed on June 5 and 6, 2006 as well as on July 4, 2006 talking with individuals who were engaging in illicit activity, that is sales of narcotics, at a Barbosa Public Housing Complex drug-point. It should be mentioned that the offender was verbally instructed on June 7, 2006 and then via a letter dated June

3

8, 2006, not to associate with individuals at, nor be loitering near, the drug point.

**WHEREFORE**, I declare under a penalty of perjury that the foregoing is true and correct, and it is respectfully requested, unless ruled otherwise, that a warrant of arrest be issued so that the offender may be brought before this Court to show cause why his supervision term should not be revoked. Thereupon, he be dealt with pursuant to law.

In San Juan, Puerto Rico, this 12th day of July 2006.

Respectfully submitted,

EUSTAQUIO BABILONIA, CHIEF
U.S. PROBATION OFFICER

s/Martin De Santiago
Martin De Santiago
Senior U.S. Probation Officer
Federal Office Building Room 400
150 Chardon Avenue
San Juan, P.R. 00918-1741
Tel. 787-766-5860
Fax 787-771-4063
E-mail: martin_de_santiago@prp.uscourts.gov

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 12, 2006, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

José A. Ruiz-Santiago, Assistant U.S. Attorney, and Joseph C. Laws, Federal Public Defender.

In San Juan, Puerto Rico, this 12th day of July 2006.

s/Martin De Santiago
Martin De Santiago
Senior U.S. Probation Officer
Federal Office Bldg., Rm. 400
150 Chardon Avenue
San Juan, P.R. 00918-1741
Tel. 787-766-5860
Fax 787-771-4063
E-mail:
martin_de_santiago@prp.uscourts.gov
