IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    Plaintiff,

        v.                          CRIMINAL NO. 99-344-17 (PG)

JEYSON M. BADILLO-LOPEZ,
    Defendant.

**REQUEST FOR DISCOVERY PURSUANT TO
RULE 32.1 OF FEDERAL RULES OF CRIMINAL PROCEDURE**

HON. JUAN M. PEREZ-GIMENEZ
UNITED STATES SENIOR DISTRICT JUDGE
U.S. DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

    **COMES NOW** Mr. Jeyson M. Badillo-Lopez, the defendant herein, represented by the Federal Public Defender for the District of Puerto Rico, and before this Honorable Court respectfully states and prays as follows:

    1.The undersigned represents the above-captioned defendant in revocation proceedings for which a final revocation hearing is scheduled to be held on September 1, 2006. The undersigned received copy of a Motion For An Order To Show Cause Hearing and Request For Issuance of An Arrest Warrant(Docket number 785-1). The motion lists a number of violations alleged to have been committed between from on or about the date of release to on or about July 8th, 2006.

    2. *Federal Rule of Criminal Procedure 32.1 (b)(2)(B)* provides that a person whose term of supervised release is to be revoked has the right to "disclosure of the evidence against the person." The cases of *Morrissey v. Brewer* (408 U.S. 471 (1972)) and *Gagnon v.*

*Scarpelli* (411 U.S. 778 (1973)) both establish that defendants facing revocation of probation or parole (or its functional equivalent, supervised release) cannot be denied procedural due process. A necessary incident of due process is that the accused and his counsel can be provided with the information needed to answer the government's allegations. In the interest of preparing to effectively represent the defendant, as well as expediency, it is respectfully requested that the Honorable Court order the probation officer to provide counsel *well in advance of the revocation hearing date* with the following information:

a) A copy of the "chronos" for this particular defendant. Portions of the same which mention third parties can be edited. Nonetheless, **an actual copy of the same is requested so that counsel may review the same WITH HIS CLIENT, who is currently incarcerated at MDC Guaynabo.**[1]

---

[1]

The "chronos" is doubtless the most efficient way to reconcile these competing versions of the facts, as it is an official document which faithfully records all contacts occurring between both parties. We are mindful of the sometimes sensitive nature of information in the possession of the probation officer, nonetheless, insofar as this information constitutes "evidence against the person" defense counsel is entitled to obtain the same. It is clear that, if due process is to be satisfied, counsel for a defendant facing revocation proceedings must not be left in the dark as to the allegations which lead to the proceeding. The reality is that the information contained in the Notice of Violation is many times not enough. While evidence that would establish guilt beyond a reasonable doubt is not required to support an order revoking probation or supervised release, it is clear that some semblance of due process is required.

The Federal Rules of Criminal Procedure embrace this notion and provide for

- "an opportunity to... present evidence" (<u>F.R.Cr.P.</u> R.32.1(b)(1)(B)(ii));
- "disclosure of the evidence against the person" (<u>F.R.Cr.P.</u> 32.1(b)(2)(B));
- "an opportunity to make a statement and present any information in mitigation" (<u>F.R.Cr.P.</u> 32.1(b)(2)(E));
- application of Rule 26.2 [requiring production of statements made by a witness] (<u>F.R.Cr.P.</u> 32.1(e)).

In the event that the same is not provided the defense would then require:

b)    Copies of all drug test results for this defendant, including the unconfirmed sample dated August 26, 2005.

c)    Copies of all monthly supervision reports tendered by the defendant.

d)    Copies of all documentation pertaining to defendant's incarceration at the state level up to 2004.

e)    Any and all documentation, notes or memoranda pertaining to defendant's alleged violations of conditions #3,4,6 and 7.

In addition, pursuant to *Federal Rule of Criminal Procedure 32.1 (b)(2)( C )*, defendant also requests the name(s) and contact information of the witness(es) to violations number 6 and 7.

3. It is respectfully requested that an order be issued by this Honorable Court in which it order the Probation Officer to provide the information requested by defendant.

**WHEREFORE** it is respectfully requested that the information sought by defendant pursuant to *Federal Rule of Criminal Procedure 32.1(b)(2)(B)* be provided.

**RESPECTFULLY REQUESTED.**

In San Juan, Puerto Rico, August 7th, 2006.

JOSEPH C. LAWS, JR.
Federal Public Defender

S/FRANCISCO VALCARCEL-FUSTER
USDC-PR #220108
Assistant Federal Public Defender
241 Franklin D. Roosevelt Avenue
Hato Rey, PR  00918-2441

Tel. (787) 281-4922 / Fax (787) 281-4899
E-mail : *francisco_valcarcel@fd.org*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this date, I electronically filed the
foregoing with the Clerk of the Court using the CM/ECF system which
will send notification of such filing to counsel for the
government, U.S. Attorney Rosa Emilia Rodriguez, and the U.S.
Probation Office (Attn. U.S.P.O. Martin De Santiago).
        At San Juan, Puerto Rico, this 7th day of August, 2006.

**JOSEPH C. LAWS, JR**
**Federal Public Defender**
**District of Puerto Rico**
S/FRANCISCO VALCARCEL-FUSTER
USDC-PR #220108
Assistant Federal Public Defender
241 Franklin D. Roosevelt Avenue
Hato Rey, PR 00918-2441
Tel. (787) 281-4922 / Fax (787) 281-4899
E-mail : *francisco_valcarcel@fd.org*